WHITE AND WILLIAMS LLP
Amy E. Vulpio, Esq.
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq.,
 as the Chapter 11 Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| KIM MORTIMER, | |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Civil Action No. 21-cv-01074 |
| WHITE AND WILLIAMS LLP, HEIDI SORVINO, ESQ., and JAMES VANDERMARK, ESQ., | Removed from NY Civil Court, Index No. 50/21 and Index No. 21N010021 |
| Defendants. | |

TO THE CLERK OF THE COURT:

**PLEASE TAKE NOTICE** that Heidi J. Sorvino, as the Chapter 11 Trustee for the bankruptcy estate of 60 91st Street Corp. (the "**Chapter 11 Trustee**") by and through her attorneys, White and Williams LLP, hereby removes cases identified with index numbers 50/21 and 21N010021, both entitled *Kim Mortimer against White and Williams LLP, Heidi Sorvino, Esq. and James Vandermark, Esq.,* which are currently pending in the Civil Court of the City of New York, County of New York, Housing Part and are related to the Chapter 11 bankruptcy of 60 91st Street Corp. (the "**Debtor**") pending in the Bankruptcy Court for the Southern District of New York (*In re 60 91st Street Corp.*, 20-10338-SCC) (the "**Bankruptcy Action**"), in accordance with

26574678v.4

28 U.S.C. §§ 1441, 1446, 1452 and Federal Rule of Bankruptcy Procedure 9027(a). In support of this Notice of Removal, the Chapter 11 Trustee states the following:

1. On February 4, 2020, while under Kim Mortimer's management, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

2. Ms. Mortimer purported to be the sole shareholder of the Debtor, which owns an apartment building consisting of nine (9) units located at 60 West 91st Street, New York, NY 10024 (the **"Property"**).

3. On April 30, 2020, the Bankruptcy Court entered an *Order Approving the Appointment of the Chapter 11 Trustee* [ECF No. 28], which approved the selection of Ms. Sorvino as Chapter 11 Trustee in the Debtor's bankruptcy case. Upon request of the Chapter 11 Trustee, the Bankruptcy Court approved the retention of White and Williams, LLP and James Vandermark (collectively, "**Bankruptcy Counsel**") as bankruptcy counsel in the Bankruptcy Action. Until the appointment of the Chapter 11 Trustee, the Debtor operated its business and managed its affairs as a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.

4. On November 19, 2020, the Court entered the *Order Granting, in Part, Additional Relief Sought by the Motion of Heidi J. Sorvino, as the Chapter 11 Trustee, for an Order (I) Finding Kim Mortimer in Contempt of the Prior Court Orders, (II) Granting Appropriate Monetary and Non-Monetary Sanctions, (III) Enjoining Kim Mortimer from Contacting Tenants, and (IV) Directing and Enforcing the Turnover of Books, Records, and Other Property of the Debtor's Estate Pursuant to 11 U.S.C. § 542* [ECF No. 205] ("**Turnover Order**") directing Kim Mortimer to turn over and vacate the Property.

5. On January 27, 2021, the Court entered the *Order Granting the Chapter 11 Trustee's Request for Emergency Relief to Change Locks* [ECF No. 265] (the "**Emergency Order**"

and together with the Turnover Order, collectively, the "**Orders**"), which, amongst other things, authorized and directed the Chapter 11 Trustee to change certain locks at the Property to address heat and hot water issues at the Property.

6. On February 5, 2021, the Chapter 11 Trustee enforced the Turnover Order by proceeding with the removal of Ms. Mortimer from the Property.

7. In a blatant attempt to thwart the Orders and to harass and impede the Chapter 11 Trustee from performing her fiduciary obligations, Kim Mortimer filed several misleading and baseless documents with the Civil Court of the City of New York, Housing Part (the "**NYC Housing Court**") to initiate the following actions:

   a. *Kim Mortimer against White and Williams LLP, Heidi Sorvino, Esq. and James Vandermark, Esq.,* Index No. 50/21 (the "**First Action**"); and

   b. *Kim Mortimer against Heidi Sorvino, Esq. and James Vandermark, Esq.,* Index No. 21N010021 (the "**Second Action**" and together with the First Action, collectively, the "**State Court Actions**").

A true and correct copy of all process and pleadings in the First Action and the Second Action are attached hereto as **Exhibits A and B**, respectively.

8. On January 15, 2021, the First Action was initiated by an Order to Show Cause for a Finding of Harassment and for a Restraining Order (the "**First OSC**"). Similarly, on February 3, 2021, the Second Action was initiated by an Order to Show Cause in Lieu of a Notice of Petition to Restore to Possession (the "**Second OSC**").

9. The State Court Actions are directly related to the Orders, the Property, and to the Bankruptcy Action because Ms. Mortimer: (a) through the First OSC seeks damages against the Chapter 11 Trustee and her Bankruptcy Counsel for carrying out the directives provided for in the

Orders, and (b) through the Second OSC seeks to regain possession of the Property in direct contravention of the Turnover Order.

### The Basis for Removal

10. Defendants seek removal of the State Court Actions pursuant to 28 U.S.C. §§ 1441 and 1452 on the grounds that the State Court Actions are related to and arising out of the Bankruptcy Action. The State Court Actions are actions in which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).

11. Pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or causes of action...to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also* Fed. R. Bankr. Proc. 9027. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The District Court – and the Bankruptcy Court – have original jurisdiction over the State Court Actions because the actions are "related to" and arising from the Bankruptcy Action.

12. "Litigation is related to a bankruptcy proceeding if the action's outcome might have any conceivable effect on the bankruptcy estate." *Post Investors LLC v. Gribble*, 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) (quoting *Parmalat Capital Fin. ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)).

13. The State Court Actions are related to the Bankruptcy Action because both the First OSC and Second OSC involve a dispute regarding the Property and the removal of Ms. Mortimer from the Property.

26574678v.4

14. This Notice of Removal is timely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy as it is filed within thirty (30) days after the Chapter 11 Trustee was served by Plaintiff with the First OSC and Second OSC. Fed. R. Bankr. Proc. 9027(a)(3).

15. In accordance with the requirements of Federal Rule of Bankruptcy Procedure 9027(a)(1), the Chapter 11 Trustee asserts that, upon removal, the causes of action asserted in the State Court Actions are core proceedings pursuant to 28 U.S.C. §§ 157 and 1334.

16. Concurrently with the filing of this notice of removal and pursuant to 28 U.S.C. § 1446(d), the Chapter 11 Trustee will promptly give written notice of this Notice of Removal to Ms. Mortimer via Email and by filing a copy of this Notice of Removal with the clerk of the state court in which the State Court Actions are pending.

17. The Chapter 11 Trustee has complied with all conditions precedent to removal, and this removal has been filed in a timely manner.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

WHEREFORE, the Chapter 11 Trustee hereby removes the State Court Actions currently pending in the NYC Housing Court as a removed claim or cause of action under 28 U.S.C. §§ 1441, 1446 and 1452 and Federal Rule of Bankruptcy Procedure 9027(a).

Dated: New York, New York
February 6, 2021

WHITE AND WILLIAMS LLP

*/s/ James C. Vandermark*

Amy E. Vulpio
James C. Vandermark
7 Times Sq., Suite 2900
New York, NY 10036
vulpioa@whiteandwilliams.com
vandermarkj@whiteandwilliams.com

*Counsel to Heidi J. Sorvino, Esq., as the Chapter 11 Trustee*

# EXHIBIT A

Civil Court of the City of New York
County of ~~NYB~~
Housing Part

Kim Mortimer
~~White and Williams LLP~~
~~Heidi Sorvino Esq.~~

Tenant(s)/Petitioner(s),

-against-

White and Williams LLP
~~Heidi~~ ~~James Vandermark Esq.~~ Heidi Sorvino Esq.

Owner(s)/Respondent(s), and

The Dept. of Housing Preservation and Development (DHPD)

Index Number 50/21

**VERIFIED PETITION
IN SUPPORT OF AN
ORDER TO SHOW CAUSE**
Requesting an Order Finding
Harassment and Restraining Respondent(s)
From Harassing Tenant(s)/Petitioner(s)
(Section 27-2115 Administrative Code of
the City of New York)

60 West 91st St. Apt. A
(Address of Tenant/Petitioner) NYC 10024
NY 10024  Apt./Rm. # A

## PETITION

1. I, **Kim Mortimer**, the Petitioner, am the tenant/person lawfully entitled to possession of the above apartment/room.

2. The Respondent (s) is/are the owner(s) or agent(s) of the owner of the apartment/room.
   The address of the Respondent(s) is: **7 Times Square ste. 2900 New York, NY 10036**

3. **Check One**
   ☑ I do not live in a one or two family house.
   ☐ The apartment/room is in a one or two family house but there are more than two families living in the house or building.

4. I am not a shareholder or condominium owner living in the apartment. I am not a person lawfully entitled to live with such shareholder or condominium owner.

5. In accordance with the Administrative Code of the City of New York section 27-2005[d] I make the following statements: The Respondent has or a person/persons on his/her behalf has/have:

   a) Violated the Administrative Code of the City of New York Section 27-2005[d] by causing or intending to cause the tenant/petitioner to move out of the above mentioned apartment/room or to give up or waive any rights to such apartment/room, and

   b) The Respondent has or a person/persons on his/her behalf has/have:
   **Check any boxes that are correct**
   ☑ used force or said they would use force or implied the use of force.
   ☐ repeatedly interrupted or stopped giving essential services and a violation of record was issued.
   ☐ failed to timely comply with NYC Admin. Code §27-2140[c] by failing to correct the conditions which made the apartment(s)/room(s) unlivable or unfit for habitation, which are described in the Vacate Order issued by DHPD pursuant to NYC Admin. Code §27–2139[b], and a violation of record has been issued for at least one of those conditions.
   ☐ repeatedly brought court cases for no good reasons.
   ☐ removed my possessions from the apartment.
   ☐ repeatedly caused or permitted acts or omissions that substantially interfered with or disturbed the comfort, peace or quiet of the tenant/petitioner. If the acts or omissions involve physical conditions in the apartment/room/public areas, a violation of record was issued.
   ☑ removed the door to the apartment or made the lock to the apartment not work, or changed the lock on the apartment door without giving a key to the new lock to the tenant/petitioner.

CIVIL COURT OF THE CITY OF NEW YORK
County of __NY__
Housing Part __B__

Kim Mortimer

*Tenant(s)/Petitioner(s)*

-against-

White and Williams LLP
Heidi Sorvino Esq.
James Vandermark Esq.
~~Owner(s)/Respondent(s)~~ and
*The Dept. of Housing Preservation and Development (DHPD)*

Index No.: HP __50/21__

**ORDER TO SHOW CAUSE
FOR A FINDING OF HARASSMENT
and FOR A RESTRAINING ORDER**
(H.P. Action)

Premises: __60 W 91 St, apt A__
(Street Address & Apt./Room No.)
__NYC   10024__
(Borough & Zip Code)

Upon the Verified Petition of the above named Petitioner(s), sworn to on __1/15/21__

Let the Respondent(s) or Respondent's attorney(s) show cause (tell the judge) at the:

Civil Court of the City of New York, Housing Part: Part B, Room 583
Located at: 111 Centre St.
NY, NY 10013

On: __February 9, 2021__   at ~~9:30 A.M.~~, __11:30 am__

or as soon as everyone can be heard, why an Order should not be made:

a) finding that the Respondent(s) has/have harassed Petitioner(s) pursuant to Section 27-2005[d] of the Administrative Code of the City of New York;
b) determining that a class c violation existed at the time the harassment occurred;
c) restraining the Respondent(s) from violating Section 27-2005[d] and directing the Respondent(s) to ensure that no further violation occurs;
d) imposing civil penalties upon the Respondent(s) in an amount not less than one thousand dollars and not more that five thousand dollars for each dwelling unit in which the Petitioner(s) have been the subject of a violation of 27-2005[d]; and
e) awarding such other and further relief as this court deems just and proper.

Service of a copy of this Order, together with the annexed Verified Petition, on the Respondent(s) (by Certified Mail, Return Receipt Requested/personally) and the Department of Housing Preservation and Development by Certified Mail, Return Receipt Requested, on or before __January 25, 2021__, as permitted by Section 27-2115 (j) of the Administrative Code, will be considered good and sufficient. Proof of the service can be filed in the Clerk's Office of the Housing Part before the return date of this Order to Show Cause, or on the date of trial with the Clerk in the Part indicated above.

If the Respondent(s) is/are registered with the Department of Housing Preservation and Development, personal service or mailing may be made to the Respondent(s) at the address indicated in such registration.

Mailing to the DHPD must be made to this address:
Department of Housing Preservation and Development
Housing Litigation Bureau
100 Gold Street
New York, NY 10038

**FILED**
JAN 19 2021
NEW YORK COUNTY
CIVIL COURT

__1/19/21__
Date

*TO JOIN THIS CONFERENCE REMOTELY, PLEASE CALL
(833) 262-7886
PASSCODE __978 210 060#__
OR SEE TEAM INVITE WILL FOLLOW

_____
dge, Housing/Civil Court

CIV-LT-87 (April 2008) (4 ply)

Complete the following section (2A-2D) if you are also claiming harassment under section 27-2115.

2A. <u>Check One</u>

- [✓] I do not live in a one or two family house.
- [ ] The apartment is in a one or two family house but there are more than two families living in the house or building.

2B. I am not a shareholder or condominium owner living in the apartment. I am not a person lawfully entitled to live with such shareholder or condominium owner.

2C. In accordance with the Administrative Code of the City of New York section 27-2005[d] I make the following statements: The Respondent has or a person/persons on his/her behalf has/have:

i) Violated the Administrative Code of the City of New York Section 27-2005[d] by causing or intending to cause the tenant/petitioner to move out of the above mentioned apartment/room or to give up or waive any rights to such apartment/room; and

ii) The Respondent has or a person/persons on his/her behalf has/have:

<u>Check any boxes that are correct</u>

- [✓] used force or said they would use force or implied the use of force.
- [ ] repeatedly interrupted or stopped giving essential services and a violation of record was issued.
- [ ] failed to timely comply with NYC Admin. Code §27-2140[c] by failing to correct the conditions which made the apartment(s)/room(s) unlivable or unfit for habitation, which are described in the Vacate Order issued by DHPD pursuant to NYC Admin. Code §27-2139[b], and a violation of record has been issued for at least one of those conditions.
- [ ] repeatedly brought court cases for no good reasons.
- [ ] removed my possessions from the apartment.
- [ ] repeatedly caused or permitted acts or omissions that substantially interfered with or disturbed the comfort, peace or quiet of the tenant/petitioner. If the acts or omissions involve physical conditions in the apartment/room/public areas, a violation of record was issued.
- [✓] removed the door to the apartment or made the lock to the apartment not work, or changed the lock on the apartment door without giving a key to the new lock to the tenant/petitioner.

Please provide dates and details as to the items you checked above: The respondents are partners of the firm. I have occupied the unit w/ my son, who suffers from mental illness, for approximately 1 year. The owners refuse to provide me with a rent stabilized lease in our name. This is a stabilized apartment. (rent stabilized Apt.) The building was sold via Auction on December 9th 2020 to new owners. I believe Heidi Sorvino, Esq. and James Vandermark Esq. Are the new owners and/or somehow affiliated with the new owners of the property and are using their Legal acumen to attempt to circumvent to Rent stabilization Laws and Housing court Laws and protocol to harass and evict me!

see attached

CIV-LT-24 Page two (April 2008)(4 ply)

PLEASE SEE ADDITIONAL SHEETS →

*Additional Details of Harassment*

50/21

CIVIL HOUSING COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

_____ X
                                        :
                                        :   L/T Index Number:_____
                                        :
n the Matter of the Application of      :
                                        :
**KIM MORTIMER**                        :
            Petitioner,                 :   **DETAILS OF**
                                        :   **HARASSMENT**
                                        :
      Against                           :
                                        :
                                        :
**HEIDI J SORVINO ESQ.**                :
**JAMES VANDERMARK ESQ.**               :
                                        :
                                        :
            Respondents                 :
_____ X

1. The building was sold to new owners via auction on December 9th 2020.

2. Upon information and belief, the new owners and respondents are the same. If not the same closely connected to the new owners. ("New Owners")

3. The New Owners are not following the December 24th 2020 New York State Senate Protocol with respect to evictions.

4. I have not received a notice of eviction from the New Owners in NY Housing Court.

5. I believe the New Owners are not acting in good faith and are attempting to circumvent the NY Rent Stabilization and Housing Laws to evict the petitioner and her son.

6. the New Owners are not following the federal, gubernatorial and judicial orders that have suspended residential evictions.

7. I am being continuously threatened with eviction and removal from my apartment despite the current state and federal stay of eviction moratoriums.

1

8. I am being constantly told that a Marshall will be sent to my home, remove my belongings and placed on the street if I don't vacate my apartment by a certain date.

9. I am being told that a Marshall will be changing the locks if I, and my family, do not vacate the apartment.

10. The new owners are trying to circumvent the NY Rent Stabilization and the NY Housing Laws by not initiating eviction proceeding in NY Housing Court, which is the proper venue to start eviction proceedings.

11. The new owners have not offered me a Rent Stabilized Lease.

12. I, and my son, have remained in the apartment for almost one (1) year without a lease.

13. I have not been sent proper notices to initiate the process of eviction in NY Housing Court.

14. No eviction petition has been filed against me in Housing Court.

15. I am protected from eviction under the CDC order, the Tenant Safe Harbor Act and Executive order 202.66 Eviction Moratoriums, Protections Against Residential Evictions.

16. I live in a rent stabilized apartment.


Dated:   January 15th, 2021
         New York,

Respectfully,

*[signature]*

KIM MORTIMER
PETITIONER

2D. In accordance with the Administrative Code of the City of New York, I make the following request:
   i. find that owner(s)/respondent(s) has/have harassed me pursuant to 27–2005[d];
   ii. decide that a class c violation existed at the time the harassment occurred;
   iii. order the owner(s)/respondent(s) to stop harassing me under 27–2005[d] and 27–2121;
   iv. order the owner(s)/respondent(s) to pay to the Department of Housing Preservation and Development civil penalties for no less than $1,000 and not more than $5,000 for each dwelling unit in which violations are found following 27–2115(m); and
   v. award such other and further relief as this court deems just and proper.

**Prior Relief** *Check the box that applies:*

☐ I have / ☑ I have not brought a case to correct violations
☐ I have/ ☑ I have not brought a case in Housing court for harassment
*Give index numbers and/or dates* _____

Check if requested ☐ The petitioner requests that permission be granted to serve these papers him/herself.

__1/15/21__
Date

__[signature]__
Signature of Tenant/Petitioner

**VERIFICATION**
State of New York, County of __NY__, ss.:

__Tim Mortimer__, being duly sworn, deposes and says:
I am the petitioner named above, I have read the petition and know the truth of the statements except as to those matters alleged to be on information and belief, and as to those matters I believe them to be true.

Sworn to before me this __15__ day of __Jan__, 20__21__

__[signature]__
Signature and Title of Court Employee, or Notary Public

__[signature]__
Signature of Tenant/Petitioner

CIV-LT- 24 Page three (4 ply)

# EXHIBIT B

**WARNING TO RESPONDENT**
**YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN THE AWARD OF POSSESSION TO THE PETITIONER**

---

Civil Court of the City of New York
County of _____
Part _____

Index Number: **21N010021**

Kim Mortimer

Petitioner,

against

HEIDI J SORVINO ESQ
JAMES VANDERMARK
7 Times Sq. Ste. #2900,
NYC, NY 10036

Respondent

**ORDER TO SHOW CAUSE
IN LIEU OF NOTICE OF PETITION
TO RESTORE TO POSSESSION**
[No Existing Proceeding]

Address: 60 West 91st Street
(Address of Premises)
NEW YORK, NY 10024   Apt. # A

Upon the annexed Verified Petition of Kim Mortimer,
the above named Petitioner(s), sworn to on February 3, 2021

or appear virtually by email:
civhrl-virtual@nycourts.gov
or call: 646-386-5500

LET the Respondent(s) or Respondent(s) attorney(s) show cause at a Motion Term of the Civil Court of the City of New York,

Located at: 111 CENTRE STREET, NEW YORK, NY 10013

on: February 10, 2021, at 11:30 A.M., in Housing Part: HE, Room 844

or as soon thereafter as counsel may be heard, why a Judgment should not be rendered:

AWARDING AND RESTORING the Petitioner(s) to possession of the premises;
ISSUING A WARRANT OF EVICTION, FORTHWITH, together with costs and disbursements;
AWARDING TREBLE DAMAGES following RPAPL § 853; and/or
GRANTING such other and further relief as may be just.

PENDING the hearing of this proceeding and the entry of a Judgment thereon, Respondent(s) and Respondents attorney(s) or agent(s) is/are:

1. [X] Stayed from re-letting the subject premises; x stayed from demolition
2. [X] Stayed from removing any of the contents of the premises;
3. [ ] Ordered to permit Petitioner access for the limited purpose of obtaining Petitioner's possessions;
4. [ ] _____
5. [ ] _____

SERVICE of a copy of this Order, together with the annexed Verified Petition, upon the Respondent(s) (Personally) (by Certified Mail, Return Receipt Requested) on or before February 3, 2021 shall be deemed good and sufficient. Proof of such service may be filed in the Clerk's Office of Housing Part before the return date of this Order to Show Cause, or on the date of trial with the Clerk in the Part indicated above. Petitioner may serve these papers in person.

2/3/2021
Date

FILED
FEB 03 2021
NEW YORK COUNTY CIVIL COURT

SO ORDERED:
Judge, Housing Civil Court
HON. MICHELLE SCHREIBER

CIV-LT-75 (Revised, March, 2000) [3 ply]

# Civil Court of the City of New York

County of _____  
Part _____

Index Number __10021/21__

**VERIFIED PETITION IN SUPPORT OF AN ORDER TO SHOW CAUSE**
**To Restore to Possession**
**[RPAPL § 713, Subd. 10]**

Kim Mortimer

Petitioner,

against

Heidi Sorvino Esq.
James Vandermark Esq.

Respondent

[Please Press Hard]

Address: __60 West 91st Street__
__New York__ Apt. # __A__
(Address of Petitioner)

## PETITION

1. The Petitioner, __Kim Mortimer__, is the lawful occupant and the _____ of the above indicated apartment, and has resided there since __2020 January__.

2. The Respondent(s) __Heidi Sorvino Esq., James Vandermark Esq.__,

   a) is/are the __Respondents__ of the subject premises and is/are currently in possession;

   b) gained occupancy forcibly, without the consent or authorization of the Petitioner, and continue(s) to forcibly and unlawfully withhold possession from the Petitioner *(obtained possession by force, without permission of the Petitioner, and continue(s) to keep Petitioner from possession by force and unlawfully)*;

   c) has/have not been in quiet enjoyment of the subject premises for three years *(took possession less than three years ago)*.

   d) Description of facts: __See typed petition which has been attached to this complaint__

3. Petitioner requests that an Order be entered placing the case on the calendar for trial on a day certain on the issue of whether or not a Judgment should be rendered:
   a) awarding and restoring the Petitioner to possession of the subject premises;
   b) providing for the issuance of a warrant of eviction forthwith, together with costs and disbursements; and
   c) awarding treble damages following RPAPL § 853.

4. Petitioner further requests permission be granted for the petitioner to serve these papers in person, and such other relief as this Court deems proper.

5. No prior application has been made for the relief sought herein.

__2/3/21__  
Date

__[signature]__  
Signature of Petitioner

## VERIFICATION

State of New York, County of __New York__ ss.:

__Kim Mortimer__, being duly sworn, deposes and says: s/he is the petitioner named above, that petitioner has read the petition and knows the truth of the contents thereof except for those matters alleged to be on information and belief, and as to those matters petitioner believes them to be true.

Sworn to before me this _____ day of _____, 20 _____

_____  
Signature of Court Employee and Title, or Notary Public

_____  
Signature of Petitioner

CIV-LT-15 (Revised. March, 2000) (3 ply)